**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY BLACK, DBA Cal Bay
Construction; HOLLI BEAM-BLACK,
DBA Castle Roofing,

          Plaintiffs - Appellants,

  v.

GOOGLE, INC.,

          Defendant - Appellee.

No. 10-16992

D.C. No. 4:10-cv-02381-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

    Gary Black and Holli Beam-Black appeal pro se from the district court's

judgment dismissing their action arising from an anonymous negative review of

their business posted on Google, Inc.'s online business directory. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed plaintiffs' action as precluded by section 230(c)(1) of the Communications Decency Act ("CDA") because plaintiffs seek to impose liability on Google for content created by a third party. *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) ("Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties . . . ."); *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003) ("Through [section 230 of the CDA], Congress granted most Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party.").

The district court did not abuse its discretion in denying plaintiffs' post-judgment requests for reconsideration and for a stay pending appeal. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration); *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983) (setting forth standard of review and criteria for evaluating a stay pending appeal).

Plaintiffs' remaining contentions are unpersuasive.

10-16992

Plaintiffs' request to correct this court's docket is granted. In accordance with this court's order dated March 21, 2011, the Clerk shall correct docket entry number 15 to reflect the filing of plaintiffs' opening brief received on December 20, 2010, instead of plaintiffs' opening brief received on January 3, 2011.

**AFFIRMED.**